IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREEIS RODRIGUEZ HERNANDEZ**                                      **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 1:21-cv-322-TBM-RPM**

**ANDREW ROBERT NEWELL**                                             **DEFENDANT**

**ORDER DENYING MOTION TO DISMISS**

Greeis Rodriguez Hernandez filed this breach of contract suit against her husband, Andrew Robert Newell, and seeks to enforce the financial support allegedly owed to her under the United States Citizenship and Immigration Services Form I-864 ("Affidavit of Support"). Hernandez asserts that Newell filed for divorce on September 15, 2021, and that he has not provided child support or spousal support. [1], pg. 13. Hernandez argues that Newell has therefore breached the express terms of the Affidavit of Support by failing "to maintain her income at a level that is at least 125% of the Federal Poverty Guidelines for her household size." [1], pg. 12. Newell filed a Motion to Dismiss [7] arguing that because Hernandez failed to attach the Affidavit of Support to her Complaint, she has failed to state a claim and her Complaint must be dismissed. The Court disagrees, and the Motion to Dismiss [7] is denied.

**I. STANDARD OF REVIEW**

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570).

The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). However, "[p]leadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

## II. ANALYSIS

Newell singularly argues that Hernandez' Complaint must be dismissed for failure to state a claim for failing to attach the Affidavit of Support to her Complaint. According to Newell, Hernandez "cannot maintain an action for breach of contract without producing said contract."

2

[7], pg. 1. But apart from this blanket assertion, Newell provides no authority for his argument.[1] And upon review, this Court is not aware of any authority which requires a plaintiff to attach a contract to her complaint in an action for breach of contract. *Nations Holding Co., Inc. v. Great Am. E & S Ins. Co., Inc.*, No. 09-2227-MLB, 2010 WL 11565139, at *1 (D. Kan. Feb. 3, 2010); *see also Elevation Point 2 Inc. v. Gukasyan*, No. 21-cv-281-WQH, 2022 WL 345647, at *6 (S.D. Cal. Feb. 3, 2022) (finding that a plaintiff is not required to attach a contract to the complaint to state a claim for breach of contract); *AGSC Marine Ins. Co. v. Spectrum Underground, Inc.*, No. 8:12-cv-474-30-TGW, 2012 WL 2087441, at *2 (M.D. Fla. Jun. 8, 2012) (finding that the Federal Rules of Civil Procedure do not require a plaintiff to attach the relevant contract to the complaint in order to support a breach of contract claim).

Although "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached . . . there is no requirement that a plaintiff actually attach the contract to the complaint." *R.S. Scott Associates, Inc. v. Timm Const. Co. LLC*, No. 14-cv-13338-TLL, 2014 WL 718448, at *8 (E.D. Mich. Dec. 16, 2014) (quotations omitted). Because Newell only seeks dismissal of Hernandez' Complaint based on her failure to attach the Affidavit of Support, and because there is no such requirement under the federal pleading rules, Newell's Motion to Dismiss is denied.

---

[1] Newell does cite to rule 1002 of the Federal Rules of Evidence, but such reliance is improper at the pleadings stage. *Westwide Winery, Inc. v. SMT Acquisitions, LLC*, 511 F. Supp. 3d 256, 265 (E.D. N.Y. Jan. 4, 2021) (citing *Ricciuti v. N.Y.C Transit Auth.*, 941 F.2d 119, 123 (2nd Cir. 1991)).

3

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Newell's Motion to Dismiss [7] is DENIED.

This, the 17th day of January, 2023.

```
                                        TAYLOR B. McNEEL
                                        UNITED STATES DISTRICT JUDGE
```