UNITED STATES DISTRICT COURT
*for the*
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **Greeis Rodriguez Hernandez,** an individual,     *Plaintiff* *v.* **Andrew Robert Newell,** an individual,     *Defendant.* | Civil Action No.: **1:21-cv-00322-TBM-RPM** **FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AFFIDAVIT OF SUPPORT, 8 U.S.C. § 1183a** |

Greeis Rodriguez Hernandez sues Andrew Robert Newell for breach of contract and states the following in support:

**I. INTRODUCTION**

1. This is a lawsuit for financial support under the United States Citizenship and Immigration Services ("USCIS") Form I-864, Affidavit of Support ("Affidavit of Support").

2. The Affidavit of Support was created by Congress in 1996 to ensure that family-sponsored immigrants are ensured a basic level of financial well-being, sufficient to meet the most basic needs of life.

3. In mandating the Affidavit of Support, Congress required visa petitioners, rather than the American people, serve as a financial safety net to new immigrants.

4. Once executed, the Affidavit of Support is a legally binding contract between a sponsor and the United States Government, of which the immigrant is a third-party beneficiary.

5. Greeis Rodriguez Hernandez is a beneficiary of an Affidavit of Support executed by Andrew Robert Newell, her husband.

6. Mr. Newell has failed to provide Mrs. Rodriguez Hernandez with the basic level of income support promised in the Affidavit of Support.

7. This lawsuit seeks to compel Mr. Newell to fulfill the support duty mandated by the Affidavit of Support and associated federal law.

## II. PLAINTIFF

8. Mrs. Rodriguez Hernandez is a citizen of the Republic of Peru. She is also a Lawful Permanent Resident of the United States.

9. Mrs. Rodriguez Hernandez resides in Harrison County, Mississippi.

## III. DEFENDANT

10. Mr. Newell is a citizen of the United States of America.

11. Mr. Newell presently resides in Albany County, Wyoming.

12. As further alleged below, Mr. Newell served as Mrs. Rodriguez Hernandez's immigration sponsor by executing an Affidavit of Support, thereby contractually promising to provide a specified level of income to Mrs. Rodriguez Hernandez.

13. Additionally, Mr. Newell is an attorney and a member of the Colorado Bar, Registration Number #31121. He is currently suspended for non-payment of active fees.

## IV. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the federal Immigration and Nationality Act pursuant to 8 U.S.C. § 1183a(e)(I).

15. This Court has personal jurisdiction over Mr. Newell as, by signing an Affidavit of Support, he submitted to the jurisdiction of any court with subject matter jurisdiction over Mrs. Rodriguez Hernandez's claims. 8 U.S.C. § 1183a(a)(1)(C).

16. Venue is proper in this District as a substantial part of the events or omissions giving rise to Mrs. Rodriguez Hernandez's claims occurred in this District, namely, Mr. Newell's failure to provide financial support as required by the Affidavit of Support. 28 U.S.C. § 1391(b)(2).

## V. FACTUAL ALLEGATIONS

**Background Concerning the Affidavit of Support**

17. Since 1882, federal law has excluded the immigration of individuals considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

18. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8. U.S.C. § 1182(a)(4).

19. The Affidavit of Support is required for an intending family-based immigrant visa applicant to overcome public charge inadmissibility. 8 U.S.C. § 1182 (a)(4)(C).

20. The only family based intending immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit:

    a. Self-petitioners under the Violence Against Women Act;

    b. Grandfathered immigrants with petitions pending prior to December 19, 1997;

    c. Those who have worked and/or maybe credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act;

    d. A child admitted under 8 U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1); and

    e. A child who will automatically acquire citizenship under 8 U.S.C. § 1431.

21. Prior to October 15, 2019, intending immigrants who qualified for an exemption under 8 C.F.R. § 213a.2(a)(2)(ii) were required to submit a Form I-864W, Request for Exemption for Intending Immigrant's Affidavit of Support.

22. After October 15, 2019, the exemptions under 8 C.F.R. § 213a.2(a)(2)(ii) continue to apply, but USCIS no longer requires the form I-864W and collects related information through other forms.

23. Creation of the Affidavit of Support was mandated by Congress to ensure that certain classes of immigrants to the United States would be granted a level of financial support necessary to meet basic human

needs. *Cf. Liu v. Mund*, 686 F.3d 418 (7th Cir. 2012), *as amended* (July 27, 2012).

24. The Affidavit of Support has been mandatory in all U.S. marriage-based immigrant visa and adjustment of status cases at all times material to the case at bar.

25. The Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. § 1182(a)(1)(B).

26. By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125% of the Federal Poverty Guidelines ("FPG" or "poverty line") for her household size.

27. In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based on the poverty line in effect for that year as to the U.S. state of residency.

28. The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1182(a)(1)(B); 8 C.F.R. § 213a.2(d).

29. A sponsored immigrant is not required to make any demand for payment from a sponsor prior to commencing a lawsuit to enforce the sponsor's obligations under the Affidavit of Support. 8C.F.R. § 213a.4(a)(2).

*30.* By signing the Affidavit of Support, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Affidavit of Support. *See* 8 U.S.C. § 1183a(a)(1)(C); *and* Exhibit 1, p.9.

31. By signing the Affidavit of Support, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Affidavit of Support and agrees freely and without any mental reservation or purpose of evasion to accept each of those obligations in order to make it possible for the immigrant(s) listed in the Affidavit of Support to become lawful permanent residents of the United States. Exhibit 1, p.9.

32. The Affidavit of Support sponsor also agrees to notify the government of any change in the sponsor's address within 30 days of the change by filing a Form I-865. 8 U.S.C. § 1183a(d); Exhibit 1, p.8.

33. A sponsor's duties under the Affidavit of Support commence when the sponsored immigrant becomes a lawful permanent resident ("Resident") based on the Affidavit of Support. Exhibit 1, p. 8.

34. An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of the five events (collectively "the Terminating Events") set forth in the contract.

35. The sponsor's obligations under the Affidavit of Support conclude only once one of the five enumerated Terminating Events occur.

36. The First Terminating Event occurs when the sponsored immigrant gains U.S. Citizenship. 8 C.F.R. § 213a.2(e)(2)(i)(A); Exhibit 1, p.8.

37. The Second Terminating Event occurs when the sponsored immigrant has worked or can receive credit for 40 quarters of work under the Social Security Act. A sponsored immigrant's quarters of work are as shown on her current U.S. Social Security Administration Social Security Earnings Statement.

38. The Third Terminating Event occurs when the sponsored immigrant is no longer a permanent resident and has departed the United States. 8 C.F.R. § 213a.2(e)(2)(i)(C); Exhibit 1, p.8.

39. The Fourth Terminating Event occurs when the sponsored immigrant is subject to an order of removal, but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required. 8 C.F.R. § 213a.2(e)(2)(i)(D); Exhibit 1, p. 8.

40. The Fifth Terminating Event is the death of the sponsored immigrant.

41. In order to serve as a sole Affidavit of Support sponsor, an individual must demonstrate income at or above 125% of the poverty line for the individual's household size. 8 U.S.C. § 1183a(f)(1)(E).

42. An Affidavit of Support is considered executed once it is signed and submitted to either USCIS or the Department of State in support of an intending immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).

43. Once executed, the Affidavit of Support becomes a binding contract between the sponsor and the United States government for the benefit of the sponsored immigrant. 8 C.F.R. § 213a.2(e)(1).

**Mrs. Rodriguez Hernandez's immigration to the United States**

44. Mr. Newell and Mrs. Rodriguez Hernandez began a romantic relationship in Peru, where Mr. Newell was working and where Mrs. Rodriguez Hernandez had been born and raised.

45. Mr. Newell and Mrs. Rodriguez Hernandez became engaged, and Mr. Newell subsequently began the process of filing for a K1 fiancée Visa.

46. On November 7, 2016, Mr. Newell signed a USCIS Form I-129F, Petition for Alien Fiancé(e) ("Visa Petition").

47. A copy of Mr. Newell's Visa Petition, as obtained from USCIS via a Freedom of Information Act (FOIA) request for Mrs. Rodriguez Hernandez's USCIS Alien File, is attached as Exhibit 2.

48. By filing the visa petition, Mr. Newell initiated the process of securing status as a lawful permanent resident of the United States for Mrs. Rodriguez Hernandez.

49. The Visa Petition was approved on March 9, 2017. *See* Exhibit 2, p. 1.

50. Mrs. Rodriguez Hernandez thereafter applied for a K-1 category non-immigrant visa on the strength of the approved Visa Petition.

51. Mrs. Rodriguez Hernandez's K-1 visa application was approved on May 9, 2017.

52. A copy of the visa foil issued for Mrs. Rodriguez Hernandez's K-1 visa, as obtained from USCIS via a FOIA request for her USCIS Alien File, is attached as Exhibit 3.

53. Mrs. Rodriguez Hernandez's as admitted to the United States as a K-1 category non-immigrant on May 26, 2017.

54. Mr. Newell and Mrs. Rodriguez Hernandez were married on August 20, 2017 in the State of Colorado. The parties have one child together, a three-year old male, who currently resides with the Plaintiff.

55. After the parties married, Mrs. Rodriguez Hernandez filed for and obtained status as a Conditional Permanent Residence.

56. On April 1, 2018, Mrs. Rodriguez Hernandez's signed a USCIS Form I-485, Application to Adjust Status ("Residency Application").

57. A copy of the Residency Application, as obtained from USCIS via a FOIA request for her USCIS Alien File, is attached as Exhibit 4.

58. Mrs. Rodriguez Hernandez caused the Residency Application to be filed with USCIS.

59. Mrs. Rodriguez Hernandez qualified for none of the exemptions under 8 C.F.R. § 213a.2(a)(2)(ii) which would have allowed her Residency Application to be approved in the absence of an Affidavit of Support executed by her petitioner, Mr. Newell..

60. On April 1, 2018, Mr. Newell signed an Affidavit of Support.

61. A copy of Mr. Newell's Affidavit of Support, as obtained from USCIS via a FOIA request for Mrs. Rodriguez Hernandez's USCIS Alien File, is attached as Exhibit 1.

62. Mr. Newell caused the Affidavit of Support to be filed in support of the Residency Application.

63. Upon filing the Affidavit of Support in support of the Residency Application, the Affidavit of Support was deemed executed by operation of law and became a binding contract between Mr. Newell and the United States Government.

64. In support of the Affidavit of Support, Mr. Newell filed copies of his federal income tax returns to demonstrate that he had the financial wherewithal to serve as an Affidavit of Support sponsor.

65. Mrs. Rodriguez Hernandez could not have been granted status without Mr. Newell signing and submitting the Affidavit of Support. A copy of her current green card is attached as Exhibit 5.

66. At all times, Mr. Newell served in a dual role as both Mrs. Rodriguez Hernandez's immigration sponsor and her de facto immigration lawyer.

67. Despite acting as the Plaintiff's de facto immigration lawyer, Mr. Newell seemingly failed to preserve important documents relevant to her case, including the I-864 affidavit of support, despite his ethical duty to maintain a copy of a client's file and provide the relevant documents to her when requested.

68. On May 13, 2019, Mrs. Rodriguez Hernandez was granted status as a conditional lawful permanent resident.

69. The event of Mrs. Rodriguez Hernandez becoming a conditional lawful permanent resident was the sole condition precedent to Mr. Newell's contractual obligations under the Affidavit of Support.

70. From May 13, 2013, Mr. Newell has had a contractual obligation to provide any support necessary to maintain Mrs. Rodriguez Hernandez's income at 125 percent of the poverty level for her household size.

71. At all times material to the claims at issue in the case at bar, Ms. Rodriguez Hernandez has had a household size of one for purposes of calculating damages owed under the Affidavit of Support.

72. On September 7, 2021, the conditions on Mrs. Rodriguez Hernandez's residence status were removed and she was granted status as a lawful permanent resident.

73. A copy of Ms. Rodriguez Hernandez's Form I-751, Petition to Remove Conditions on Residence, as obtained from USCIS via a FOIA request for her USCIS Alien File, is attached as Exhibit 7. Page 1 of Exhibit 7 denotes that the Petition was approved September 7, 2021.

74. Mr. Newell's duties under the Affidavit of Support commenced on May 13, 2019.

75. Mrs. Rodriguez Hernandez's status was based on an application that included an Affidavit of Support executed by Mr. Newell.

76. Because Mr. Newell's Affidavit of Support was executed, it is an enforceable contract. 8 C.F.R. § 213a.2(d).

77. Mr. Newell ceased residing with Mrs. Rodriguez Hernandez on August 13, 2021. He would later tell Mrs. Rodriguez Hernandez that he would no longer pay the rent on the apartment she was living in with their son, and that she needed to get a job to make rent payments, or else she (and her child) would be evicted.

78. Mr. Newell then enlisted the aid of his landlord, who texted Mrs. Rodriguez Hernandez on the morning of September 14, 2021, to tell her the rent was due that day. Believing herself on the verge of eviction, and fearing being thrown out on the street with their young child, Mrs. Rodriguez Hernandez fled to a local domestic violence shelter.

79. The next morning, on September 15, 2021, Mr. Newell filed for divorce in the Chancery Court of Jackson County. That case was settled and resolved through an Agreed Final Judgment of Divorce on April 5, 2022.

80. At all times relevant to this litigation, Mrs. Rodriguez Hernandez's income has been under 125% of the poverty line.

81. At all times relevant to this litigation, Mr. Newell has failed to provide financial support to Mrs. Rodriguez Hernandez equal or greater to the difference between her actual income and 125% of the poverty line for her household size of one.

82. No event has occurred that would constitute one of the five Terminating Events under the Affidavit of Support.

83. Separation is not a Terminating Event for Mr. Newell's obligations under the Affidavit of Support. Divorce is not a Terminating Event.

84. Accordingly, Mr. Newell's duties under the Affidavit of Support remain in effect.

## VI. CLAIMS FOR RELIEF

**CLAIM ONE – Breach of Contract**

85. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

86. By signing the Affidavit of Support and causing it to be filed in support of Mrs. Rodriguez Hernandez's residency application, Mr. Newell executed an Affidavit of Support.

87. Once executed, the Affidavit of Support became a binding contract between Mr. Newell and the United States Government.

88. Mrs. Rodriguez Hernandez is a third-party beneficiary of the Affidavit of Support.

89. Mrs. Rodriguez Hernandez has standing as a third party to enforce the financial support rights under the Affidavit of Support.

90. Under the express terms of the Affidavit of Support, Mr. Newell agreed to provide Mrs. Rodriguez Hernandez with any support necessary to maintain her income at a level that is at least 125% of the Federal Poverty Guidelines for her household size.

91. Mr. Newell's responsibility to provide financial support commenced on May 13, 2019 when Mrs. Rodriguez Hernandez became a Resident of the United States.

92. All conditions precedent to Mr. Newell's duty to perform on the Affidavit of Support were fulfilled as of May 13, 2019.

93. Mr. Newell has breached the Affidavit of Support by failing to provide income support to Mrs. Rodriguez Hernandez.

94. As a result of Mr. Newell's breach, Mrs. Rodriguez Hernandez has suffered damages in an amount to be determined at trial.

## VII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Entry of judgment against Mr. Newell and in favor of Mrs. Rodriguez Hernandez for each and every cause of action asserted herein;

B. An award of actual damages in an amount of 125% of the Federal Poverty Guidelines for a household size of one for the period from May 13, 2019 to the date on which the judgment issues, less any income earned by Greeis Rodriguez Hernandez during that period.

C. A declaration that Mrs. Rodriguez Hernandez is entitled to continued receipt of financial support from Mr. Newell in the amount of 125% of the Federal Poverty Guidelines for Mrs. Rodriguez Hernandez's household of one, less actual income, until the occurrence of one of the Terminating Events.

D. An order of specific performance, requiring Mr. Newell to make monthly payments to Mrs. Rodriguez Hernandez for an amount that represents 125% of the Federal Poverty Guidelines for her household size, until such time as a Terminating Event occurs, and that such payments shall be completed no later than the fifth calendar day of each month to an account to be created in the Plaintiff's name.

E. An award of all Mrs. Rodriguez Hernandez's attorney's fees;

F. An award of all Mrs. Rodriguez Hernandez's costs;

G. The right to amend this complaint to conform to the evidence presented at trial; and

H. Such other and further relief in Mrs. Rodriguez Hernandez's favor as the Court may deem just and equitable under the circumstances.

DATED January 31, 2023.

        **By:**   /s/ Herbert W. Wilson II

        **Herbert W. Wilson II,** #103187
        Northcutt Legal Clinic
        Post Office Box 353
        Gulfport, Mississippi 39502-0353
        Telephone 228-864-7144
        E-mail hwilson@gccfn.org
        *Attorney for Greeis Rodriguez Hernandez*

        **By:**   /s/ Greg H. McLawsen

        **Greg H. McLawsen,** Wash. Bar. No. 41870
        Sound Immigration
        113 Cherry St. ECM# 45921
        Seattle, WA 98104-2205
        greg@soundimmigration.com
        1-855-809-5115
        *Co-Counsel for Greeis Rodriguez Hernandez*
        Pro hac vice