UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GREEIS RODRIGUEZ HERNANDEZ                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:21-CV-322-TBM-RPM

ANDREW ROBERT NEWELL                                                    DEFENDANT

## ORDER GRANTING MOTION TO COMPEL

Before the Court is Plaintiff Greeis Rodriguez Hernandez's motion to compel filed on February 16, 2023. Doc. [27]. Plaintiff asserts that Defendant Andrew Robert Newell, a former practicing attorney and proceeding *pro se*, has failed to answer Plaintiff's request for production and interrogatories first propounded to him on December 9, 2022. Defendant did not respond whatsoever to the discovery requests and did not obtain additional time to respond from the Court. Before service of a discovery motion, Plaintiff attempted to confer with Defendant in good faith. Doc. [27-3]. In response to the first good faith letter, Defendant alleged a conflict of interest and refused to respond to the discovery. *Id*. Defendant did not respond at all to Plaintiff's second good faith letter. Doc. [27-4].

On February 24, 2023, the District Court conducted a hearing on Plaintiff's motion for preliminary injunction. At the hearing, Defendant agreed that all discovery responses would be provided to the Plaintiff by March 7, 2023. Defendant has not responded to the motion to compel, nor has he filed any notices with the Court indicating that the overdue responses have been provided. Plaintiff requests the Court order Defendant to provide the requested responses. Additionally, Plaintiff asks the Court to sanction Defendant by requiring him to pay all attorneys' fees associated with the filing of the motion to compel. Doc. [27], at 3.

A.   Request for Order Compelling Discovery Responses

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Failure to provide a complete response or the provision of an evasive or incomplete response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro. 37(a)(4). The record indicates that Defendant has repeatedly been apprised of his duty to comply with discovery requests and has repeatedly failed to comply. Local Rule 7 further provides that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L. U. Civ. R. 7(b)(3)(E). Defendant failed to respond to Plaintiff's motion to compel. Accordingly, the motion to compel is granted as unopposed. Doc. [27].

B.   Request for Attorneys' Fees

Plaintiff requests the Court sanction Defendant by requiring him to pay all attorneys' fees associated with the filing of the motion to compel. Doc. [27], at 3. Rule 37 provides that a party whose conduct necessitated the motion to enforce discovery generally is required to pay the movant's reasonable expenses and attorney fees. Fed. R. Civ. P. 37(a)(5)(A). When determining a reasonable attorney's fee award, courts apply the lodestar method. Under this method, the court multiplies the "number of hours reasonably expended [on the matter] . . . times a reasonable hourly rate" to determine the "lodestar" figure. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[T]he burden is on the applicant to produce satisfactory evidence." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum*, 465 U.S. at 895 n.11)). *See also Tollett v. City of Kemah*, 285

2

F.3d 357, 368 (5th Cir. 2002). The "hourly fee awarded must be supported by the record; the district court may not rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *McClain*, 649 F.3d at 383. "Courts also look to other court decisions regarding the prevailing rate." *Jackson Women's Health Org. v. Currier*, 2019 WL 418550, at *2 (S.D. Miss. Feb. 1, 2019) (citing *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 660 (5th Cir. 1996)). In determining the amount to be awarded, the court may then adjust the "lodestar" upward or downward based on consideration of several factors, for example, the time and labor required, the novelty and difficulty of the questions, and the skill requisite to perform the legal service properly. *Robinson v. Bridgewater Owners Ass'n, Inc*, 2018 WL 1751029, at *2 (S.D. Miss. Apr. 11, 2018) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

As an attachment to the motion to compel, Plaintiff's counsel provided a draft invoice detailing the time spent addressing the Defendant's refusal to respond to discovery requests. Doc. [27-6]. Plaintiff's counsel asserts he spent 2.52 hours conducting research, reviewing pleadings, preparing good faith letters, drafting the motion, preparing exhibits, and conferring with co-counsel while billing at $350 an hour. *Id*. Given that Plaintiff provided a draft invoice rather than an affidavit, Plaintiff has not submitted appropriate record evidence. Further, no record evidence regarding the prevailing market rate has been submitted.

However, in an attempt to avoid additional time, fees, and effort being expended by both parties on the sanction issue and to conserve judicial resources, the Court provides the following analysis to propose a reasonable fee award. *See Robinson*, 2018 WL 1751029, at *2. Having reviewed the filings related to the motion to compel, the Court proposes a total of 2.5 hours as a reasonable expenditure of time on these matters. Further, based on the hourly rates awarded in other cases in

federal court in Mississippi and considering the *Johnson* factors, the Court proposes an hourly rate of $250.00 per hour as reasonable. *See Robinson*, 2018 WL 1751029, at *2 (awarding $200.00 an hour as reasonable after previously granting a motion to compel) (citing *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Mississippi*, 2014 WL 1653108, n. 4 (S.D. Miss. April 23, 2014) (listing cases awarding rates from $150.00 to $275.00 per hour)). The Court proposes this rate based on consideration of the *Johnson factors*, particularly the simplicity of the issues presented, and the limited time and labor required. Accordingly, the Court proposes an attorneys' fee award of $625.

If the parties and counsel are willing to accept the Court's proposal on the fee award, they need take no further action on this motion. If unwilling to accept the proposal as to the fee award, either party may file a response to this order by April 6, 2023; and any requisite evidence must be submitted with such response. Such a response shall be limited only to the Court's calculation of the fee award and shall not address the Court's decision to award sanctions. If neither party files a response to this order by the deadline of April 6, 2023, this order will automatically become final without further order from the Court. Once final, Defendant is responsible for the attorney's fees awarded and shall pay the award to Plaintiff's counsel within 21 days of the final order.

IT IS, THEREFORE, ORDERED that Plaintiff's motion to compel [27] is granted, as follows:

1. Defendant shall provide full and complete responses to Plaintiff's interrogatories and requests for production at issue on or before April 13, 2023;
2. Defendant shall pay $625 to Plaintiff's counsel within 21 days after the order becomes final, unless this order is modified by further order of the Court.

SO ORDERED AND ADJUDGED, this the 27th day of March 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE